UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADEL MIKHAEIL, | Civil Action No. 19-21111 (MAS) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY, | |
| Respondent. | |

**SHIPP, District Judge**

Petitioner Adel Mikhaeil has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Pet., ECF No. 1.)  Petitioner has paid the $5.00 filing fee.  The Court must now screen the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, made applicable to § 2241 cases through Rule 1(b), to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

Petitioner's § 2241 seeks to challenge the validity of his state court conviction or sentence as imposed.  (Pet. 2[1].)  In his grounds for relief, Petitioner raises claims of ineffective assistance of counsel, as well as due process violations arising from his 2015 state court conviction.  (*Id.* at 6.)  Specifically, Petitioner alleges that his attorney, the prosecutor, and the court improperly led him to believe that he would be admitted to the Intensive Supervision Program ("ISP") after serving six months in prison.  (*Id.*)  Petitioner states, however, that he was not admitted to the ISP program and instead served 30 months in prison.  (*Id.*)  He was released from prison on November 1, 2017.  (*Id.* at 1.)  In his request for relief, Petitioner asks the Court to withdraw his guilty plea

---

[1] Page numbers refer to those located on the ECF header.

and schedule his case for trial. (*Id.* at 7.)

With that background in mind, the Court finds that the Petition is deficient because the Court does not have jurisdiction under § 2241 to hear these claims. "[A] habeas corpus petition filed under 28 U.S.C. § 2254 is the only proper mechanism for a state prisoner to challenge the 'fact or duration' of his state confinement." *McKnight v. United States*, 27 F. Supp. 3d 575, 587 (D.N.J. 2014) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973)). Section 2241, on the other hand, "authorizes a federal court to issue a writ of habeas corpus to any *pretrial detainee* who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (emphasis added) (internal citation and quotation marks omitted). Here, since Petitioner is not a pretrial detainee, a habeas petition under § 2254 "is the *exclusive* avenue" for him to challenge "the constitutionality of his detention." *McKnight*, 27 F. Supp. 3d at 587 (emphasis in original) (quoting Brian R. Means, *Federal Habeas Manual* § 1:34 (May 2013)). Accordingly, if Petitioner seeks to challenge the fact or duration of his confinement, he must do so by filing a petition for a writ of habeas corpus under § 2254.

The Court notes, however, that in order to file a § 2254, Petitioner must meet the statute's "in custody" requirement. Section 2254(a) provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).

This "in custody" language does not require that Petitioner be physically confined, but it does require that there be significant restraints on his liberty along with continuing government supervision. *See Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("The meaning of 'custody' has been broadened so that it is no longer limited in the § 2254(a) context to physical

custody alone but also applies where individuals are subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'") (citing *Barry v. Bergen Cnty. Prob. Dep't.*, 128 F.3d 152, 160 (3d Cir. 1997)); *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989) (prisoner placed on parole is still in custody because his "release from physical confinement under the sentence in question was not unconditional; instead, it was explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities"); *Jones v. Cunningham*, 371 U.S. 236 (1963) (prisoner who is on parole is "in custody"). The "'in custody' jurisdictional requirement is determined as of the date the petition is filed in the district court." *United States ex rel Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir. 1975) (citations omitted).

Here, Petitioner stated in his filing that he was released from prison on November 1, 2017, a little over two years before he filed his Petition. (Pet. 1.) Thus, it appears he may not satisfy §2254's "in custody" requirement. Accordingly, if Petitioner wishes to file a § 2254 petition, he must demonstrate that he satisfies §2254's "in custody" requirement. The Court will provide Petitioner 30 days from the date of this Memorandum and Order to file a § 2254 on the forms provided by the Clerk.

**IT IS THEREFORE** on this  8th  day of  March , 2021,

**ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**;

**ORDERED** that if Petitioner seeks to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254, he shall do so within 30 days on the forms provided by the Clerk of the Court;

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case until such time as the Court receives Petitioner's submission; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order, as well as a copy of AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014) to Petitioner via regular U.S. mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**