**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ADEL MIKHAEIL, : | |
| : | Civil Action No. 19-21111 (MAS) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM OPINION** |
| : | |
| STATE OF NEW JERSEY, : | |
| : | |
| Respondent. : | |

### SHIPP, District Judge

This matter comes before the Court on Petitioner Adel Mikhaeil's newly filed petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 which seeks to challenge his state court prison sentence imposed in March 2015. (ECF No. 5.) As Petitioner has previously paid the filing fee in this matter, this Court is required to screen the Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and determine whether if "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under the Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

By way of background, Petitioner initially filed a petition pursuant to 28 U.S.C. § 2241 through which he sought to challenge his 2015 sentence. (ECF No. 1.) On March 8, 2021, however, this Court entered a memorandum and order which dismissed that petition without prejudice both because Petitioner's challenge to his conviction was improperly raised under § 2241 and because Petitioner was no longer "in custody" sufficient to give this Court jurisdiction over his habeas petition as Petitioner had been released from prison in November 2017. (ECF No. 4.) As this Court explained,

[A] habeas corpus petition filed under 28 U.S.C. § 2254 is the only proper mechanism for a state prisoner to challenge the 'fact or duration' of his state confinement." *McKnight v. United States*, 27 F. Supp. 3d 575, 587 (D.N.J. 2014) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973)). Section 2241, on the other hand, "authorizes a federal court to issue a writ of habeas corpus to any *pretrial detainee* who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (emphasis added) (internal citation and quotation marks omitted). Here, since Petitioner is not a pretrial detainee, a habeas petition under § 2254 "is the *exclusive* avenue" for him to challenge "the constitutionality of his detention." *McKnight*, 27 F. Supp. 3d at 587 (emphasis in original) (quoting Brian R. Means, *Federal Habeas Manual* § 1:34 (May 2013)). Accordingly, if Petitioner seeks to challenge the fact or duration of his confinement, he must do so by filing a petition for a writ of habeas corpus under § 2254.

The Court notes, however, that in order to file a § 2254, Petitioner must meet the statute's "in custody" requirement. Section 2254(a) provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).

This "in custody" language does not require that Petitioner be physically confined, but it does require that there be significant restraints on his liberty along with continuing government supervision. *See Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("The meaning of 'custody' has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'") (citing *Barry v. Bergen Cnty. Prob. Dep't.*, 128 F.3d 152, 160 (3d Cir. 1997)); *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989) (prisoner placed on parole is still in custody because his "release from physical confinement under the sentence in question was not unconditional; instead, it was explicitly conditioned on his

2

> reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities"); *Jones v. Cunningham*, 371 U.S. 236 (1963) (prisoner who is on parole is "'in custody"). The "'in custody' jurisdictional requirement is determined as of the date the petition is filed in the district court." *United States ex rel Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir. 1975) (citations omitted).
>
> Here, Petitioner stated in his filing that he was released from prison on November 1, 2017, a little over two years before he filed his Petition. (Pet. 1.) Thus, it appears he may not satisfy §2254's "in custody" requirement. Accordingly, if Petitioner wishes to file a § 2254 petition, he must demonstrate that he satisfies §2254's "in custody" requirement.

(ECF No. 4 at 2-3.) Although this Court dismissed Petitioner's habeas petition for lack of custody and thus lack of jurisdiction, this Court provided Petitioner thirty days within which he could file a new habeas petition under § 2254 and explain why he was sufficiently "in custody" to warrant habeas jurisdiction. (*Id.* at 3-4.)

Petitioner filed his current petition on April 1, 2021. (ECF No. 5.) In his § 2254 petition, Petitioner reiterates his claim of ineffective assistance of counsel, but fails in any way to address the deficiency this Court noted in its memorandum and order – Petitioner is not currently in custody as he was released from prison in 2017 and does not appear to be subject to any form of parole or supervision. As Petitioner does not appear to be in prison or subject to any other restraint on his liberty arising from his 2015 sentence, and, despite being offered an opportunity to do so, has failed in any way to indicate any form of custody to which he is currently subject, it fully appears from Petitioner's current and initial petitions that Petitioner is not "in custody" at this time, and that this Court therefore lacks jurisdiction over his petition. *See Obado*, 328 F.3d at 717-18. Petitioner's current petition is therefore dismissed without prejudice for lack of jurisdiction.

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner seeks to challenge his state court conviction unless he has "made

3

a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because it fully appears that Petitioner is no longer "in custody" pursuant to the conviction he seeks to challenge, jurists of reason would not debate that this Court lacks jurisdiction over Petitioner's habeas petition. Petitioner is therefore denied a certificate of appealability.

In conclusion, Petitioner's § 2254 habeas petition (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**